THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No.  00-102 |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| JOHN DAVENPORT | ) |  |

## DEFENDANT'S UNOPPOSED MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

AND NOW, comes Defendant, John Davenport, by his attorney, David B. Chontos, and respectfully files this *Unopposed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)*.

1. Mr. Davenport was sentenced on April 17, 2001.  He received a term of imprisonment of 40 months for a conspiracy offense involving 5 grams or more of cocaine base, more commonly known as "crack cocaine".

2.  Here we are, over 7 years later, and Davenport is near the end of his Judge Standish imposed federal sentence. Obviously, the procedural history, as tortured as it is, detains us momentarily.

Davenport's conspiracy conviction stemmed from conduct beginning in June, 1999 and terminating on August 14, 1999. A year later, in July, 2000, Davenport was arraigned and released on an "OR bond in the amount of $20,000". Pre-Sentence Report, pg. 3, paragraph 2 (Jan. 2, 2001)(Hereinafter, "PSR"). Around Thanksgiving of that year, Davenport entered a guilty plea to the conspiracy. Sentencing was then held on April 17, 2001. Davenport was allowed to self-report. Davenport left the federal courthouse to await instructions from the Marshall's office on where and when to report.

Davenport's state court experience provides the necessary context of why Davenport has still not completed his federal sentence. While waiting to self-report to a federal prison, Davenport got arrested for disorderly conduct in Westmoreland County. He was not released.

On June 20, 2001, an AUSA moved to revoke Davenport's bond on this case (i.e. his self-report status). Docket #125. A week

later, Davenport's counsel sought and convinced Judge Standish to lift the federal detainer. Docket #130. This is a pre-ECF case but it would appear the basis for Judge Standish to lift the detainer is that he was being held by Westmoreland County officials.

He sat in the Westmoreland County jail until August of 2001. His stay at this county lock-up facilitated the disposition of three pending cases in that county.

August of 1999 was not a good month for Davenport; he ultimately got charged, in three (3) separate cases with various drug charges for his conduct that month. His August 5, 1999 conduct resulted in his July 2, 2001 guilty plea to an intent to deliver charge at docket #49 CR 2000. *See*, PSR, pg. 9, paragraph 28. His August 25, 1999 conduct resulted in his July 2, 2001 guilty plea to an intent to deliver charge at docket #48 CR 2000. *See*, PSR, pg. 9, paragraph 29. His August 31, 1999 conduct resulted in his July 2, 2001 guilty plea to an intent to deliver charge at docket #50 CR 2000. *See*, PSR, pg. 10, paragraph 29. Davenport was sentenced on all three, state court drug charges on July 2, 2001. He received a 5 to 10 year sentence at each docket number.

Davenport began to serve his state court drug sentence at that time. Considering the federal detainer was lifted at the end of June, 2001, it is axiomatic that Davenport was not able to self-report to federal prison. Therefore, he began to serve his state sentence of 5 to 10 years.

On April 18, 2006, federal authorities took Davenport from the state prison he was calling home. After an intermediary stop, Davenport was, and still is, housed at FCI-Loretto.

3. Since Mr. Davenport's 2001 sentence, not only have the guidelines become advisory, but the United States Sentencing Commission amended §2D1.1 of the United States Sentencing Guidelines to decrease by two levels the offense levels applicable to specific weights of cocaine base. This has come to be known as the "Crack Amendment". The Crack Amendment became effective on November 1, 2007.

4. On December 11, 2007, the Sentencing Commission determined that the Crack Amendment would become retroactive and established an implementation date of March 3, 2008.

5. On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing order, appointing the Federal Public Defender for the Western District of Pennsylvania to represent any defendant sentenced in this District who might be eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the Crack Amendment.  Undersigned counsel is a member of this district's Criminal Justice Act panel and recently received an appointment to this case.

6. Title 18, § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

7. Davenport's sentence was imposed pursuant to a range as computed under the United States Sentencing Guidelines.  His base

offense level, as computed under §2D1.1 of the Guidelines, was 26. This base offense level was the result of the offense conduct being more than 5 grams but less than 20 grams of crack cocaine. *See*, PSR, paragraph 11. Combined with other Guidelines factors, it produced a final offense level of 21.

Davenport's criminal history score was a zero. PSR, paragraph 24. This score placed Davenport in Criminal History Category I. A Criminal History Category of I and an offense level of 21 corresponds with a, then Guideline range, of 37 to 46 months under 2000 edition of the Guidelines Manual. *See*, PSR, paragraph 10.

8.   Seven years later, and thanks to the retroactive application of the Crack Amendment, Davenport's amended base offense level, as computed under §2D1.1 of the Guidelines, is now 24. Combined with the same Guidelines factors which drove the offense level down in 2001, Davenport's final offense level is now a 19. With the same criminal history category as used in 2001, Davenport's Guideline range is now 30 to 37 months.

9.   Newly amended U.S.S.G. § 1B1.10(b)(2)(B) states that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G., § 2B1.10, comment. (n. 3) (March 2008).

This new section has application here. Davenport was looking at a 5 year mandatory but, through application of the Safety Valve, his sentence was less than that called for by statute. *See*, PSR, paragraph 51.

Judge Standish's sentence of 40 months was 3 months above the bottom and 6 months below the top of the then mandatory range. Using a similar rough mathematical formula to the present range of 30 to 37 months does not produce a nice clean result. Using a percentage based formula gets a closer approximation.

The 40 month sentence was 7.5 % above the bottom (3 divided by 40 x 100) and 15% below the top (6 divided by 40 x 100). With these

percentages applied to the present guideline range of 30 to 37 months, you get a sentence recommendation of 32 months, 7.5 days (30 x .075 = 2.25; 30 months + 2.25 months) or 31 months, 13.5 days (37 x .15 = 5.55; 37 months – 5.55 months).

10. According to the Bureau of Prisons' website, Davenport's current release date is March 4, 2009. Davenport has been told his halfway house release date is November 13, 2008.

Using the above calculations of a new sentence of 32 months, which is an 8 month reduction, and going backwards from March, 2009, would likely provide a release date that has already passed or is imminent. As a result, Davenport respectfully requests that his sentence be vacated and that he be re-sentenced to a term of imprisonment of time served.

11. Assistant United States Attorney Michael Ivory has reviewed this motion before it being filed and does not oppose the relief requested but, is not necessarily in agreement, with the sentencing calculations conveyed herein by counsel. Mr. Ivory would request

the BOP recalculate any sentence this court ultimately issues.

12. A proposed Order, in the form approved by the Administrative Office of the United States Courts, is attached.

RESPECTFULLY SUBMITTED,

/s/ David B. Chontos
David B. Chontos
Counsel for John Davenport
Pa. I.D. # 53442
CHONTOS & CHONTOS, P.C.
561 Beulah Road
Turtle Creek, PA 15145-1317
412 825 5450 (v)
412 825 5451 (f)
d.chontos@verizon.net